UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX MEDINA NIETO,<br>Plaintiff,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Defendants. | Case No. 26-cv-12870-RFL<br><br>**ORDER GRANTING HABEAS PETITION**<br><br>Re: Dkt. No. 1 |

Petitioner Felix Medina Nieto has filed a petition for a writ of habeas corpus, seeking relief from his re-detention by Immigrations and Customs Enforcement ("ICE"). (Dkt. No. 1.) For the reasons explained below, his petition is **GRANTED**.

## I. BACKGROUND

Medina Nieto, a citizen of Mexico, entered the United States without inspection in or around 2003. (Dkt. No. 1 ¶¶ 2, 30.) He has a pending application for cancellation of removal. (Dkt. No. 1 ¶ 2.) In December of 2016, he was arrested by ICE, detained for about a day, placed in removal proceedings, and released on conditional parole. (Dkt. No. 1 ¶¶ 34, 43; Dkt. No. 3-1 ¶ 4.) Since then, he has attended in person and virtual ICE check-ins without fail. (Dkt. No. 3-1 ¶ 6.)

Prior to his 2016 detention, Medina Nieto had three arrests for driving under the influence ("DUI"). (Dkt. No. 1 ¶¶ 5, 32.) After his release in 2016, he had two convictions, one

in 2018 and one in 2020, both for driving with a license that had been suspended due to DUI. (Dkt. No. 12-2 at 11–12.)[1]

In September 2026, Medina Nieto was cited for driving without a license. (Dkt. No. 1 ¶ 33; Dkt. No. 11 at 5.) In October 2026, ICE redetained Medina Nieto, solely because of that citation. (Dkt. No. 1 ¶ 35; Dkt. No. 11 at 5.)

Medina Nieto filed this petition for a writ of habeas corpus under 42 U.S.C. § 2241, as well as a motion for a temporary restraining order ("TRO"). (Dkt. Nos. 1, 2, 3.) Judge Martínez-Olguín granted the TRO, ordered Respondents to release Medina Nieto, and ordered them to show cause why a preliminary injunction should not issue. (Dkt. No. 5.) The parties briefed the preliminary injunction issue, and then stipulated for those briefs to serve as their briefs on the merits of the habeas petition. (Dkt. Nos. 11, 13, 14.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

This Court has jurisdiction over Medina Nieto's habeas petition because he alleges he is detained in violation of the Constitution. *See Zadvydas*, 533 U.S. at 687. Respondents argue that the Court lacks jurisdiction because ICE's decision to re-detain Medina Nieto is a discretionary judgment that 8 U.S.C. § 1226(e) insulates from judicial review. (Dkt. No. 11 at 8.) But as Respondents recognize, the jurisdictional bar on "discretionary judgment does not include constitutional claims or questions of law." *Martinez v. Clark*, 124 F.4th 775, 781–82

[1] All citations to page numbers refer to ECF pagination.

(9th Cir. 2024).

Turning to the merits, Medina Nieto alleges that his re-detention violates his Fifth Amendment due process rights. The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. This protection applies to non-citizens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896). This Court and many others have previously found that individuals released from immigration custody on bond or parole have a protectable liberty interest in remaining out of custody. *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 932 (N.D. Cal. 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

ICE's re-detention of Medina Nieto violated his due process rights because there has been no material change of circumstances since his release in 2016. Medina Nieto has a protectable liberty interest in remaining out of custody because he has been living freely in the United States since his release by ICE in 2016. *See, e.g.*, *Valencia Zapata*, 801 F. Supp. 3d at 932. Absent a material change of circumstances suggesting he was a flight risk or a danger to the community, he was entitled to notice and a pre-deprivation hearing. *Id.* at 932–38. Respondents' only justification for the re-detention is that Medina Nieto was cited for driving without a license. (*See* Dkt. No. 11 at 5, 9–11.) But that citation for a nonviolent technical violation is not a material change of circumstances that would show Medina Nieto is a danger to the community or a flight risk. *See A.F.A.M. v. Albarran*, No. 25-cv-10492-AMO, 2025 WL 3752190, at *4 (N.D. Cal. Dec. 22, 2025) ("Courts have repeatedly rejected the argument that ICE can re-detain a noncitizen for technical violations 'without regard to whether that technical

violation means that one is a flight risk or danger.'" (citation omitted)).

Respondents argue that the citation is a material change of circumstances because in some situations, arrests alone may justify re-detention under Section 1226. (*See* Dkt. No. 11 at 9–11.) But Respondents' only examples are of petitioners who were *arrested* for violent crimes and DUI, and they do not explain how a *citation* for driving without a license is comparable. *Ramirez Balboa v. Albarran*, No. 26-cv-08870-RFL, 2026 WL 2678865, at *1 (N.D. Cal. Sept. 10, 2026) (petitioner was arrested twice for domestic battery); *Bello Reyes v. McAleenan*, No. 19-cv-03630-SK, 2019 WL 5214051, at *1, 4 (N.D. Cal. July 16, 2019) (stating in dicta that arrest for DUI would be sufficient material changed circumstance, in case where petitioner was convicted of DUI), *rev'd and remanded sub nom. Bello-Reyes v. Gaynor*, 985 F.3d 696 (9th Cir. 2021); *United States v. Cisneros*, No. 19-cr-00280-RS-5, 2021 WL 5908407, at *4 (N.D. Cal. Dec. 14, 2021) (holding that arrest for a gang-related assault was a material change in circumstances). Respondents also do not explain how the 2026 citation constitutes a material changed circumstance when Medina Nieto's 2018 and 2020 convictions for driving on a suspended license did not.

Because Medina Nieto has shown there is no material change of circumstances, Respondents violated his due process rights by detaining him without a pre-deprivation hearing. Respondents' argument that re-detention was authorized under Section 1226(b) fails for the same reason. *See Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981) (explaining that a previous bond determination may not be revoked absent a change in circumstances).

Respondents also argue that Medina Nieto should have exhausted administrative remedies by seeking a post-deprivation bond hearing with an immigration judge. (Dkt. No. 11 at 13–15.) But exhaustion is a prudential requirement, and a post-hoc bond hearing would not remedy the constitutional harm here, detention without a pre-deprivation hearing. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) ("The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."); *Muy Elias v. Albarran*, No. 3:26-cv-08313-JSC, 2026 WL 2455821, at *2 (N.D. Cal. Aug. 21, 2026) ("[a] post-hoc bond hearing where the

Immigration Judge would only consider Petitioner's potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant" (alteration in original) (quoting *Barrientos v. Moss*, No. 1:26-cv-05943-NW, 2026 WL 2283034, *2 (E.D. Cal. Aug. 7, 2026))).

## IV. REMEDY

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C. § 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The typical remedy remains appropriate here to address the due process violations. Furthermore, to ensure that Medina Nieto's release pursuant to this Order is not "rendered meaningless," it is necessary to enjoin the government from re-detaining Petitioner without due process and a proper justification. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 321 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019). As a result, the relief ordered below falls within the core of habeas. Finally, a permanent injunction is an appropriate remedy here because "the balance of equities and consideration of the public interest" favor protecting Petitioner from detention without notice or a pre-deprivation hearing where the government has already determined that he is not a flight risk nor a danger to the community. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008).

## V. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **GRANTED**. Respondents are permanently enjoined from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained, and that a material change in circumstances justifies his re-detention.

The Clerk of the Court shall close the case. Medina Nieto's request for attorney's fees is **DENIED WITHOUT PREJUDICE** to an application requesting reasonable attorney's fees that

is filed within 30 days of final judgment.

**IT IS SO ORDERED.**

Dated: November 17, 2026

RITA F. LIN
United States District Judge